ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. E. J. WALL.

No. 1939. Decided April 14, 1909.

**Statement of Facts—Appeal from County Court.**

Under the Act of May 25, 1907 (Laws, 31st Leg. pp. 509-513) the original statement of facts prepared by the official stenographer in a case tried in the County Court should be sent up with the record, as in appeals from the District Court, and not copied in the transcript. (Pp. 405, 406.'

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Hardeman County.

*C. H. Yoakum* and *Decker & Clarke,* for appellant.

*M. M. Hawkins,* for appellee.

M<sub>R</sub>. C<sub>HIEF</sub> J<sub>USTICE</sub> G<sub>AINES</sub> delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Second District. The statement and question are as follows:

"The above styled cause is pending before this court on appeal from the County Court of Hardeman County, and there are assignments of error which will perhaps require the reversal of the case in the event we are authorized to consider the statement of facts accompanying the record. This statement of facts consists of the original statement of facts made up under the Act of 1907 (Acts of 31st Legislature, 509-513) and the same is not copied into the transcript. The Court of Civil Appeals for the Sixth Supreme Judicial District in St. Louis Southwestern Ry. Co. of Texas v. Nelson, 108 S. W., 182, has construed this Act to mean that "on an appeal from a judgment of a County Court (the statement of facts) should be copied into and made a part of the transcript, as required by the laws in force prior to the passage" of the Act.

"In view of the uncertainty which appears to exist amongst the practitioners, and in view of the language used by Your Honors in the decision in Texas & Pac. Ry. Co. v. Stoker, 113 S. W., 3, we deem it advisable to certify for your decision whether or not we are authorized to consider as the statement of facts in this case the original statement of facts properly made up under the Act referred to, but not incorporated or copied in the transcript?"

We are of opinion, that the original statement of facts in this case should be considered in deciding the case. It is presumed that the question grows out of the construction of section 16 of the Act approved May 25, 1907, which reads as follows:

"Whenever either party to a civil cause pending in the County Court shall apply therefor, the judge of the court shall appoint a competent stenographer to report the oral testimony given in such cause. Such stenographer shall take the oath herein prescribed, and shall receive such compensation as the court may fix, to be not less than five dollars per day, which shall be taxed and collected as costs. The provisions of this Act with respect to the preparation of the statement of facts, the time to be allowed therefor, and for the presentation to the opposite party, and the approval and filing thereof by the court shall apply to all statements of facts in civil causes tried in the County Court."

This section is appended to the Act entitled "An Act providing for the appointment of official stenographers for District Courts," etc. The previous sections are devoted to the appointment and duties of stenographers in the District Courts. Hence, in order to give the County Courts the benefits of the Act, this section was necessary. We

find nothing in it which says that the statement of facts should be incorporated in the record for appeal. "The preparation of the statement of facts, the time to be allowed therefor, and for the presentation to the opposite party, and the approval and filing thereof by the court" are all to be governed by the provisions of the Act. It is difficult to say that this provides for the sending up of the statement of facts upon appeal. But section 15 contains ·the declaration that "no statement of facts shall be incorporated in the transcript on appeal, but the original shall be sent up therewith;" and it may be that this was regarded as sufficiently comprehensive to include statements of facts from the County Courts. We fail to see how if the original statement was good enough for the District Courts it was not good enough for the County Courts. Nor can we conceive why they should for the sake of saving costs, require the original to be sent up from the District Courts and not make the same requirement as to judgments appealed .from the County Courts.

We answer the question in the affirmative.