ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v. E. J. WALL.

Decided May 15, 1909.

**Statement of Facts—Erasures.**

When the testimony of certain witnesses in a statement of facts has pencil marks drawn entirely across the same, such testimony will be regarded by the Appellate Court as stricken out, and this, though the statement was prepared by the trial judge upon disagreement of the parties, and the endorsement to that effect, and the official signature of the judge, and some of the testimony of the witnesses were written with pen and ink.

Appeal from the County Court of Hardeman County. Tried below before Hon. J. C. Marshall.

*C. H. Yoakum* and *Decker & Clarke,* for appellant.

*M. M. Hankins,* for appellee.

SPEER, ASSOCIATE JUSTICE.—In this case we certified to the Supreme Court whether or not we are authorized to consider the original statement of facts, not incorporated in the transcript, stating at the same time that there were errors for which the judgment must be reversed if such statement was to be considered. The Supreme Court have answered that question in the affirmative (St. Louis, S. F. & T. Ry. Co. v. Wall, 102 Texas, 404), and we therefore proceed to a disposition of the case in the light of the statement of facts.

The action is one by appellee against appellant to recover damages for the defendant's negligence in burning the grass on about two hundred acres of land. There was a trial before the court, resulting in a judgment for the plaintiff for two hundred and fifty-seven dollars and sixty cents.

All of appellant's assignments of error, in one form or another, attack the judgment as being contrary to the evidence, and the third,

which we find it necessary to sustain, specifically submits that the judgment is not supported by the evidence in that the evidence fails to show that defendant caused the burning of said grass. To this appellee replies that the testimony of the witnesses James Jones and J. M. Christie shows that appellant's passing engines did set fire to appellee's grass land, but an examination of the statement of facts, which appears to have been prepared by the court upon the parties failing to agree upon a statement, discloses that the testimony of these two witnesses is stricken out by having pencil marks drawn entirely across the same, and we are therefore compelled to treat the statement as though these witnesses had never testified. While the indorsement, to the effect that the parties had failed to agree upon a statement of facts, and official signature of the county judge are written in pen and ink, and also some of the testimony of the witnesses is thus written, and other interlineations and the erasures already referred to are made with pencil, yet we are not at liberty to assume that this has been done improperly, but we must treat the statement as we find it. With the testimony of the witnesses Jones and Christie eliminated, there is absolutely nothing in the statement to indicate that appellant ever set fire to appellee's grass.

The judgment must therefore be reversed and the cause remanded for another trial.

*Reversed and remanded.*