## W. R. Vickrey v. J. V. Burks.

Decided June 16, 1909.

**1.—Statement of Facts.**

The original statement of facts and not a certified copy thereof must be filed in the appellate court in order to require consideration.

**2.—Same—Objection.**

Where appellee, in his brief files a specific objection to the consideration of the statement of facts because a certified copy is brought up, and not the original statement, and appellant makes no attempt to bring up the original, the statement and assignment requiring its presence for their disposition will not be considered; it is not necessary that the objection be taken by a motion to strike out the statement.

Appeal from the County Court of Hamilton County. Tried below before Hon. A. E. Scott.

*W. M. Whitmire,* for appellant.

*Langford & Chesley,* for appellee.

KEY, Associate Justice.—The transcript in this case contains what purports to be a copy of a statement of facts in the case, but the original statement of facts has not been filed in this court. On February 23, 1909, appellee filed his brief in response to appellant's brief previously filed, and the first question presented in appellee's brief is a distinct and specific objection to a consideration of the statement of facts incorporated in the transcript, and in support of that objection cites Royal Insurance Co. v. Texas & G. Ry. Co., 115 S. W., 117; Garrison v. Richards, 107 S. W., 862; Texas & P. Ry. Co. v. Stoker, 102 Texas, 60; Beene v. Bird, 115 S. W., 121; in addition to which may be cited St. Louis, S. F. & T. Ry. Co. v. Wall (102 Texas, 404), decided by the Supreme Court April 14, 1909, and Missouri, K. & T. Ry. Co. of Texas v. Rogers, 116 S. W., 624.

The cases cited show that the proper course was not pursued for bringing before this court the facts upon which the case was tried, and as appellee filed his objection to a consideration of the statement of facts copied in the transcript about three months before the case was submitted, and appellant has taken no steps to bring up the original statement of facts, we think the case must be disposed of in this court upon the assumption that there is no statement of facts. In other words, if appellee had presented a formal motion to strike out the statement of facts contained in the transcript, that motion would have been sustained, and if appellant had not caused the original statement of facts to be filed in this court, the appeal would have been disposed of upon the theory that there was no statement of facts. When a motion to strike out is sustained, the document complained of is not physically cast out of court, but is merely ignored and the same result can be accomplished by timely objection to consideration of anything incorporated into a transcript which has no place there. Such objection shows that the appellee is not acquiescing.

In the absence of a statement of facts the assignments of errors fail to show that reversible error was committed.

*Judgment affirmed.*