ESTES v. PRESSWOOD.

(Court of Civil Appeals of Texas. April 19, 1911.)

1. GUARDIAN AND WARD (§ 8*)—INFANTS—APPOINTMENT OF GUARDIAN—VENUE.

Under Sayles' Ann. Civ. St. 1897, art. 2563, requiring proceedings to appoint a minor's guardian to be brought in the county where the parents reside, article 2565, requiring a proceeding to appoint a guardian of an orphan to be brought where the last surviving parent resided, etc., and article 2577, providing that, on death of one of the parents, the survivor is the natural guardian of minor children, a proceeding to appoint a guardian of the estate of a minor who has a parent living should be brought in the county of the latter's residence.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 15; Dec. Dig. § 8.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

2. INFANTS (§ 18*) — CUSTODY — DETERMINA-
TION.'
Jurisdiction to determine the right to the
custody of a minor is conferred by the Constitu-
tion upon the district court, and can be invoked
only by an original proceeding brought in that
court, and cannot be exercised on an appeal in
a guardianship proceeding begun in a county
court.'

[Ed. Note.—For other cases, see Infants, Cent.
Dig. § 18; Dec. Dig. § 18.*]

Appeal from District Court, Shelby Coun-
ty; James J. Perkins, Judge.

In the matter of the proceedings for
guardianship of Omega Estes. From a
judgment of the district court on appeal
from the county court, A. D. Estes, guardian,
appeals adversely to Emma Presswood.
Partly affirmed and partly reversed and
rendered.

D. M. Short & Sons, for appellant. Tom C.
Davis, for appellee.

PLEASANTS, C. J. This appeal is from
a judgment in a guardianship proceeding be-
gun in the county court of Shelby county.
Succinctly stated, the facts disclosed by the
record are as follows:

On March 4, 1910, appellant A. D. Estes,
upon his application to the county judge of
Shelby county in vacation, was appointed
temporary guardian of the person and estate
of the minor, Omega Estes. He immediately
qualified as such guardian by taking the
oath and giving bond as required by the
statute. At the time this order was made,
citation was ordered issued upon application
of said Estes for appointment as permanent
guardian of the person and estate of said
minor. The minor, Omega Estes, who was
12 years old at the time the application for
guardianship was made, is the daughter of
J. C. Estes, deceased, and appellee, Emma
Presswood, who was formerly the wife of
said J. C. Estes. Appellee obtained a divorce
from J. C. Estes when the child Omega was
about five years old. She did not ask for the
custody of the child in her suit for divorce,
and no disposition was made of it in the di-
vorce decree. After the separation from his
wife, J. C. Estes placed the child, Omega,
with his mother and father, the appellant
herein, and he also lived at his father's
home until his death, which occurred on
February 20, 1910. The appellant resides
in Shelby county, and appellee and her for-
mer husband resided in said county at the
time of their marriage and during the time
they lived together. The child, Omega, was
born in said county and always lived there;
her grandparents having had her with them
continuously ever since the separation of her
father and mother. J. C. Estes left a policy
of life insurance for $1,000. This is all the
property owned by the minor, and the tem-
porary guardianship of her estate was taken
out for the purpose of collecting this policy.

A year or so before the death of J. C. Estes
appellee, Emma Presswood, married V. P.
Presswood and moved to Panola county,
where she now resides. After her separation
from J. C. Estes she made no effort to ob-
tain possession of her child until after the
death of J. C. Estes, and does not appear to
have shown any interest in her except that
on one occasion she went to see her when
she was sick, and remained several days at
appellant's home. She has never made any
express surrender of her right to the custody
of the child. At the next regular term of
the county court of Shelby county after the
appointment of appellant as temporary
guardian of the person and estate of the
minor, Omega Estes, appellee, Mrs. Press-
wood, appeared and, joined by her husband,
filed the following sworn plea to the venue
or jurisdiction of the county court of Shelby
county to appoint a guardian of the person
or estate of said minor:

"(1) That this court has no jurisdiction or
right to appoint a guardian of the person of
said minor, because Mrs. Emma Presswood
is the mother of said minor, is in no way or
manner disqualified to take charge of, care
for, educate, and support said minor.

"(2) She has never surrendered her right
to the possession of said minor to any one, A.
D. Estes or any one else, save and except to
Jack Estes, the father of said minor, her
former husband, who died some time in Feb-
ruary, 1910.

"(3) Jack Estes was her former husband
from whom she obtained a divorce, and, by
agreement between her and her husband
after the divorce was granted to her by the
district court of Shelby county, the minor,
Omega, was allowed to remain with its fa-
ther, Jack Estes; that she has never consent-
ed or agreed that any one else should have
the possession, control, or management of
said minor.

"(4) That she at this time, and at the
time of the appointment of a temporary
guardian of the person and estate of said
minor, resided in Panola county, Tex., and
not in Shelby county, Tex.

"(5) That she knew nothing of the said
appointment until long after same was made
by this court, and the appointment is in vio-
lation of her natural rights to the care of
her own child.

"She therefore prays that the order of the
court heretofore made in vacation appoint-
ing A. D. Estes guardian of the person of
said minor be vacated and set aside, and
that she have an order of this court requir-
ing the said Estes to restore to her the pos-
session of her said child, and that the court
take no further action as to the appointment
of a guardian of the person of said child.

"As to the guardianship of the estate of
said minor, the said Mrs. Presswood, joined
by her husband, says that this court has no

jurisdiction of said matter, because she says that she is the mother of said child and resided at the time A. D. Estes was appointed temporary guardian of said child, and all times since that time, in Panola county, Tex., and this court has no jurisdiction to appoint a guardian of estate of said child, that she did not live in Shelby county at the time the appointment was made, and at no time since that time, and knew nothing of the appointment until long after the same was by this court, and that the father of said child, Jack Estes, is dead, and she is the only surviving parent, and the making of the same was a fraud upon her right to be appointed such guardian, she being the mother and the only surviving parent of said child; that she is able to act as the guardian of the estate of said child, and is in no way disqualified, and desires to do so, if this court holds that it has the right to continue the guardianship of the estate of said minor in this court.

"She therefore prays, first, that the order of this court entered in vacation appointing A. D. Estes guardian of the estate of said minor be vacated and set aside and held for naught and this case be dismissed; second, in the event the court hold the matter is to be continued here, she be appointed guardian of the estate of said minor, and for general relief will ever pray."

In answer to this plea, appellant filed a pleading excepting to the sufficiency of the plea to the jurisdiction, and setting up the facts before stated as to the previous residence and custody of the minor, and further alleging facts which, if true, show that appellee is not a suitable person to be intrusted with the guardianship of the person of said minor.

Upon the hearing in the county court, appellee's plea to the jurisdiction was sustained, and the former order of the court appointing appellant guardian of the person and estate of the minor was vacated. No guardian of the person or the estate of the minor was appointed, but, upon the prayer of the appellee, the appellant was ordered to deliver to appellee the possession of the minor. From this judgment appellant appealed to the district court, and upon a trial de novo therein a like judgment was rendered.

A consideration in detail of the several assignments of error presented in appellant's brief is unnecessary and not deemed advisable.

The material questions presented by the record are, first, did the county court of Shelby county and the district court in which the cause on appeal was tried de novo err in sustaining appellee's plea to the venue; and, second, did either of said courts in this proceeding have authority to take the custody of the minor from appellant and award it to appellee, Emma Presswood?

[1] Article 2563, Sayles' Civil Statutes 1897, provides that: "A proceeding for the appointment of a guardian of the estate of a minor shall be commenced in the county where the parents of such minor reside." Article 2565 provides that: "A proceeding for the appointment of a guardian of the person and estate of an orphan, or of either, shall be commenced in the county where the last surviving parent of such orphan resided at the time of the death of such parent; or where the orphan is found, or where the principal estate of such orphan may be." Article 2577 provides: "Where one of the parents is dead, the survivor is the natural guardian of the persons of the minor children and entitled to be appointed guardian of their estates." We think under these provisions of the statute a proceeding for the appointment of a guardian of the estate of a minor who has a parent living should be brought in the county in which such parent resides. The parent, being the natural guardian of the minor child, if qualified to act as such, is entitled to be appointed guardian of the estate of the minor, and a guardianship of the person in such case would be unnecessary. Ordinarily the parent has a greater interest in the welfare of the minor child than any other person, and the statute, recognizing this fact, gives the parent precedence in the right to appointment as guardian of the minor's estate, and directs that proceedings for the appointment of such guardian be commenced in the county in which the parent resides. It follows that the court below did not err in sustaining appellee's plea of venue and dismissing the guardianship proceedings.

[2] The minor, Omega Estes, was in the lawful custody of appellant, having been placed there by her father, and the right of appellant to keep the child cannot be determined in this proceeding. The only jurisdiction conferred by the Constitution upon county courts in the control of minors or their estates is to appoint a guardian for such purpose and to control and direct such guardian in the care of the minor and the management of the estate, and such courts have no jurisdiction to determine controversies over the custody of minors. The jurisdiction to determine the right to the custody of a minor is conferred by the Constitution upon the district court, and such jurisdiction can be invoked only by an original proceeding brought in that court, and cannot be exercised on an appeal in a guardianship proceeding begun in the county court. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; State ex rel. Wood v. Deaton, 93 Tex. 247, 54 S. W. 901; Ex parte Reeves, 100 Tex. 617, 103 S. W. 478.

It follows from these conclusions that the judgment of the court below dismissing the guardianship proceedings should be affirmed. But the court below being without jurisdiction in this proceeding to determine the right to the custody of the minor, that portion of the judgment awarding such custody to the

appellee, Mrs. Presswood, is reversed, and judgment here rendered dismissing appellee's suit for the custody of the minor.

Affirmed in part. Reversed and rendered in part.