## LIEBOVITZ v. AMERICAN CONST. CO. et al.

(Court of Civil Appeals of Texas. Dallas. March 30, 1912.)

1. APPEAL AND ERROR (§ 569*) — RECORD — STATEMENT OF FACTS.

A writing, not approved by the trial judge or accompanied by an agreement of the parties that it is correct, but merely by a certificate of the official stenographer that it contains a true transcript of the testimony on the trial, cannot be considered on appeal as a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

2. APPEAL AND ERROR (§ 1138*) — DISSOLUTION OF TEMPORARY INJUNCTION—REVIEW.

Where, on appeal from an order dissolving a temporary injunction, it was admitted during the argument that all the acts which appellant sought to restrain appellee from doing had been done, and there was no statement of facts in the record, the order will be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4456–4461; Dec. Dig. § 1138.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

Action by Harry Liebovitz against the American Construction Company and another. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

Israel Dreeben, of Dallas, for appellant. Cockrell, Gray & Thomas, of Dallas, for appellees.

TALBOT, J. This is an appeal from an order of the district court of Dallas county, made at a regular term of said court on June 23, 1911, dissolving a temporary injunction theretofore granted in the above-entitled cause.

[1] The record sent to this court shows that the plaintiff's petition was sworn to, and that practically all of the material allegations of said petition were denied under oath by the defendants' answer. There accompanies the transcript what purports to be questions propounded to witnesses on the trial of the case and the answers of the witnesses thereto, which we presume the appellant intended to be considered by this court as a statement of facts. If so, this cannot be done, for the reason that the document is not verified as a statement of facts as required by law. There is a certificate of the official stenographer appended to it, in which he certifies that it contains a true and correct transcript of the testimony adduced on the trial of the case; but it does not appear in any way that the parties to the suit either agreed or disagreed that it was correct, nor does it bear the approval of the judge who tried the case. We cannot, therefore, consider the instrument as a statement of facts, and, looking to the sworn pleadings, we cannot say the court below erred in dissolving the injunction.

[2] Again, it was admitted in argument before this court that all the acts and things which appellant sought to restrain the appellees from doing have been done, and that a reversal of the judgment of the lower court by this court would be of no practical service to appellant, and useless, except, perhaps, in so far as it might affect the question of costs. Clearly, in view of this admission, and the attitude of the record to which we have referred, we would not be authorized to disturb the action of the court below.

The judgment of the district court is therefore affirmed.