SCALING v. COLLINS. (No. 9106.)

(Court of Civil Appeals of Texas, Ft. Worth. May 10, 1919. Rehearing Denied June 7, 1919.)

1. APPEAL AND ERROR ⬦⟾569(2) — STATEMENT OF FACTS—RECORDS OF FORMER TRIAL.

Where in the transcript of the case certain documents appear which purport to be the records of a former suit introduced in evidence, but which are not agreed to by counsel, nor approved by the court as a true statement of the evidence introduced, such documents, on appeal cannot be given consideration as a statement of facts.

2. APPEAL AND ERROR ⬦⟾601—RECORD—NECESSITY OF STATEMENT OF FACTS—APPEALS FROM COUNTY COURTS.

That a statement of facts should not be included in the transcript, but the original statement of facts sent up to the appellate court, with the agreement of counsel thereto and approval of the judge, also applies in appeals from the county court to the Court of Civil Appeals.

3. APPEAL AND ERROR ⬦⟾907(3)—QUESTIONS PRESENTED—SUFFICIENCY OF EVIDENCE — ABSENCE OF STATEMENT OF FACTS — PRESUMPTION.

Where the questions presented upon appeal involve the sufficiency of the evidence in sustaining the judgment, and there is no statement of facts, it will be presumed that the evidence sustains the judgment rendered.

Appeal from Clay County Court; E. W. Coleman, Judge.

Action by Harry Scaling against R. B. Collins. From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 207 S. W. 424.

R. F. Arnold, of Henrietta, for appellant. Taylor, Allen & Taylor, of Henrietta, for appellee.

BUCK, J. Plaintiff appeals from an adverse judgment against him in the county court of Clay county. Plaintiff's suit was for debt, and defendant pleaded res adjudicata, which plea the court sustained, except as to certain items. The plaintiff declining to further proceed with the suit as to those items which the trial court found were not subject to the plea of res adjudicata, the court ordered the cause dismissed.

[1] No statement of facts appears among the papers of this case. The judgment recites that the court, in passing upon the sufficiency of the plea, considered certain pleadings and proceedings in the former suit, to wit, the petition, the answer, the judgment, the motion for new trial and the reply thereto, and the order overruling said motion. In the transcript of this case appear certain documents which purport to be the same records introduced in evidence, but they are not agreed to by counsel, nor approved by the court as a true and correct statement of the evidence introduced in the case. Hence we are precluded from considering said documents as a statement of facts. A writing, purporting to be a statement of facts, but not approved by the trial judge or accompanied by an agreement of the parties that it is correct, cannot be given consideration as a statement of facts. Liebovitz v. Construction Co., 145 S. W. 1048; Citizens' Ry. Co. v. Robertson, 103 S. W. 443.

[2] Even in appeals from the county court to the Court of Civil Appeals, the statement of facts should not be included in the transcript, but the original statement of facts should be sent up to the appellate court, with the agreement of counsel thereto and the approval of the judge. Ry. Co. v. Wall, 102 Tex. 404, 118 S. W. 131; Vernon's Sayles' Civ. Stats. art. 2068, et seq. But even though the court should consider a statement of facts incorporated in the transcript when agreed to by counsel and duly approved by the trial judge, or, in case of disagreement of counsel, when prepared and certified to by the trial judge, the appellate court is not authorized to consider writings not approved by the judge.

[3] The questions presented in this appeal involve the sufficiency of the evidence in sustaining the judgment, and in the absence of the statement of facts we must presume that the evidence sustains the judgment rendered.

Hence all assignments are overruled, and the judgment is affirmed.