ANDERSON v. COSSEY.   (No. 9132.)

(Court of Civil Appeals of Texas, Ft. Worth. June 21, 1919.)

1. APPEAL AND ERROR ⬦569(2) — STATEMENTS OF FACT—CONSIDERATION.

Where no statement of facts appeared in the record, instruments incorporated in the transcript which were not agreed to by attorneys, nor approved by the court as statements of fact, nor attached to the pleadings in the trial court, cannot be considered.

2. HABEAS CORPUS ⬦46—CUSTODY OF CHILD —JURISDICTION OF COUNTY COURT.

The district court has jurisdiction under Const. art. 5, §§ 8 and 16, of a proceeding in habeas corpus to determine question of the custody of a minor, notwithstanding the county court, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4091 and 4122, had appointed a guardian who had taken the custody of the minor; for the district court, as a court of equity, had jurisdiction to determine whether the guardian was fulfilling his duty and exercising his authority in a manner conformably to the best interests of the minor.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. HABEAS CORPUS ⟨☞⟩99(3) — CUSTODY OF CHILD—INTEREST OF CHILD.

In a habeas corpus proceeding involving the custody of an infant child, the disposition of the custody of the child must be made for the best interests of the child.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Petition for habeas corpus by Mrs. E. T. Anderson against Mrs. Mary Cossey to obtain the custody of a minor of tender years. From a judgment dismissing the writ, petitioner appeals. Reversed and cause remanded.

T. F. Hunter, of Wichita Falls, for appellant.

W. E. Fitzgerald, of Wichita Falls, for appellee.

BUCK, J. Appellant, Mrs. E. T. Anderson, presented to the judge of the Seventy-Eighth judicial district her petition for writ of habeas corpus, alleging that her grandson, Ray N. Anderson, Jr., was a minor of tender years and that said minor was being illegally restrained of his liberty by Mrs. Mary Cossey, who appears to be the maternal grandmother of said child. She alleged that the father of said child was in the United States army, serving in France, and thus out of the state and the United States, and that the father had waived in favor of petitioner his right to act as the guardian of said child during the duration of the war with Germany, and had instructed plaintiff to procure the possession of said child and take him to the home of petitioner and properly care for and maintain him during the father's absence. Petitioner alleged that she was a fit and proper person to care for and tutor said child, and appellee was not a fit and proper person for such purpose.

The petition was presented to the judge in chambers, who set the case for hearing and ordered notice to issue to respondent. Respondent filed her plea of res adjudicata, alleging that theretofore the relator had been appointed by the county court of Wichita county temporary guardian of said Ray N. Anderson, Jr., and had subsequently sought to be appointed permanent guardian of said child; that upon the hearing of said motion and petition the respondent had contested the same, and that after full consideration the court denied relator's petition and denied her the right to the care, custody, and possession of said minor, which care and custody she was seeking in this suit to obtain by a decree of the district court; that said judgment of the county court still remained in full force and effect; wherefore she prayed that plaintiff take nothing by her suit and defendant be discharged with her costs.

The district court rendered its judgment that the cause abate and be dismissed on the ground that the county court of Wichita county had heard and determined the controversy between the same parties who were litigants in the district court, and because the cause in the county court was still pending, and because the right of the plaintiff to the care and custody of said minor had theretofore been adjudged against her in the county court. From this judgment, the plaintiff has appealed.

[1] No statement of facts appears in the record. Only appellant has presented a brief in this court. There appears in the transcript in this case what purports to be certain orders and judgments rendered in the county court proceedings, citation issued out of said court, guardianship bond executed by appellant here, etc., but these instruments are not agreed to by the attorneys, nor approved by the court as a statement of facts, nor attached to the pleadings filed in the district court; hence we are not permitted to consider the same as a statement of facts or for any other purpose. Scaling v. Collins, No. 9106, 214 S. W. 624, recently decided by this court, May 10, 1919, not yet officially published.

[2] Therefore we are limited to the consideration of the one question, to wit: Did the district court err in abating and dismissing plaintiff's action for writ of habeas corpus because there had been filed, and at the time of this trial was pending, a suit in the county court involving the right of the care and custody of the minor, Ray N. Anderson, Jr.? In Ex parte Reeves, 100 Tex. 617, 103 S. W. 478, the Supreme Court, in an opinion by Chief Justice Gaines, said:

"Under the common-law and equity system of England, which was adopted in Texas as early as 1840, the courts of chancery exercised jurisdiction to appoint guardians for minors and to supervise their conduct with reference to the persons and estates of their wards. 3 Pomeroy's Equity (3d Ed.) § 1303 et seq. In section 1307 the same author says: 'In addition to its power to appoint guardians, the court of equity will also exercise its jurisdiction, in a proper case, and to promote the highest welfare of the infant, where there is already a guardian, natural or legal, by controlling the person of the infant, and by removing it personally from the custody of its natural or legal guardian, even from the custody of its own parents.' That this latter jurisdiction may be lawfully exercised by the district courts of this state is held in Legate v. Legate, 87 Tex. 248, 28 S. W. 281, and in other cases which need not be cited. That the Constitution does not take from the district courts such jurisdiction is clear from the language we have already quoted from section 8 of article 5. It is equally clear that the Constitution confided the appointment of guardians of minors to the county courts sitting in probate; but we are unable to see that such courts are given any control over minors, or their estates, save as wards of guardians appointed by them. We think the words 'business of minors,'

found in section 16, mean business growing out of the administration of their estate, and that they cannot be aptly applied to controversies over their custody. It would seem that in framing the provisions of sections 8 and 16 of article 5 of the Constitution the able lawyers who drew it had in view the jurisdiction exercised by courts of equity over minors, and intended to confer so much as relates to guardianship to the county courts, and that which was exercised over their custody, merely, to the district courts."

The Supreme Court in this case further held that former articles 3502a and 3502b of the Revised Statutes of 1895 were unconstitutional, because in violation of the two sections of article 5 of the Constitution above mentioned. In Estes v. Presswood, 137 S. W. 145, 147, the Galveston Court of Civil Appeals, in an opinion by Chief Justice Pleasants, holds that jurisdiction to determine the right to the custody of a minor is conferred by the Constitution upon the district court, and can be invoked only by an original proceeding brought in that court, and cannot be exercised on an appeal in a guardianship proceeding begun in the county court.

It will be remembered that plaintiff's petition alleged that the defendant, Mary Cossey, had said child in her home and refused to deliver it to the petitioner, and further alleged that said Mary Cossey was not a fit and proper person to maintain, care for, and tutor said child. In the answer of Mary Cossey, no denial is made of plaintiff's allegation that defendant is in possession and has the custody of the minor. But a plea of the former suit and judgment is made, and that by the terms of said judgment the plaintiff in this suit was denied the possession, care, and custody of said minor in the former suit in the county court. Hence the respondent does not answer the issues tendered by relator, to wit, that the respondent is in possession of said minor, and that relator is a proper and fit person and is entitled to have the care and custody of said child and respondent is not so entitled. These issues so presented were properly cognizable by the district court, even though the county court had theretofore denied the appellant here the right of custody of said child and had awarded the custody to some other person. Even though under article 4091, V. S. Civ. Stats., the county judge may appoint a temporary guardian of the person of the minor, or the county court sitting in probate may make a permanent appointment of a guardian for the person, and even though article 4122, Id., may vest in such guardian of the person the right to the charge and control of said minor and the duty of his support and education, and even though said two articles be deemed constitutional and not in conflict with the decision of the Supreme Court in Ex parte Reeves, supra, which questions we do not decide, yet it does not follow that the judgment of the county court denying appellant the right to the care and custody of the minor in question would be res adjudicata of all the issues presented in plaintiff's petition filed in the district court. Even though the county court had appointed a third person other than the two grandmothers guardian of the minor's person, which appears to have been the case, the district court had jurisdiction in an original proceeding to inquire into the question of whether or not such guardian was fulfilling his duty toward his ward and exercising his authority as such guardian in a manner conformable to the best interest of the minor.

[3] The right to the custody of the minor is a question over which courts of equity have jurisdiction, and an order and judgment of the county court awarding the care and custody of a minor to a designated person does not preclude the district court from entertaining jurisdiction, where it is made to appear that the best interest of the minor, which the court recognizes as the paramount consideration, demands that said care and custody should be changed. Hall v. Whipple, 145 S. W. 308; Pearce v. Pearce, 136 Ala. 190, 33 South. 884; Patton et ux. v. Shapiro, 154 S. W. 687. The primary issue tendered by the petition of appellant is not whether or not the applicant is entitled to the care and custody of the minor, but whether or not the best interest of said minor demands that the care and custody be taken from Mrs. Mary Cossey, the person alleged to have said minor in her possession. We think the issue thus presented invoked the authority of the district court to grant a hearing on the merits, and to render a decision awarding the care and custody of the minor to such person as in the sound judicial discretion of the district court should appear for the best interest of the minor. Hence we conclude that the court erred in abating and dismissing the suit for the stated reason of the pendency of the action in the county court, and the judgment of the trial court is reversed and the cause remanded, with instructions to grant appellant a hearing upon the merits. It may be, by the time this cause comes up for hearing again in the district court the father of the child, the natural guardian by law and nature, will have returned from overseas, and that the court will conclude that the care and custody of the child should be awarded to its father.

Judgment reversed, and the cause remanded.