**PANNELL et al. v. BOX et al.**

No. 4599.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 29, 1934.

Rehearing Denied Dec. 26, 1934.

210

Holland & Gray, of Henderson, for appellants.

R. E. Seagler, of Houston, Brachfield & Wolfe, of Henderson, and Lee M. Sharrar, of Houston, for appellees.

LEVY, Justice (after stating the case as above).

The point presented in the case, and particularly stressed upon the appeal, is, in effect, that the title of J. R. Box, and the Humble Oil & Refining Company holding a mineral lease under him, depends on guardianship proceedings which are fatally defective, and, therefore, the right of Bentley B. Box, now Pannell, to recover may not be defeated, she establishing the title to the land to be in her by descent as the only child of her deceased father, the agreed upon common source of title. The matters are questions of pure law for the determination of the court. The several probate proceedings, with the particular objections urged as showing the invalidity of the same, will be considered separately in their order.

As being "void" upon each of the three particular grounds stated is "the order of the Probate Court appointing a guardian of the minor, Bentley B. Box." The three grounds urged are: (1) Because the order is "based upon an application which does not allege such facts as show the jurisdiction of the Probate Court" in the requirements of statutory provisions; (2) because the order is "based upon a notice citing all persons interested in the 'estate' of such minor," instead of the "welfare" of such minor, as provided in article 4114, R. S.; (3) because "the order does not state whether such appointment is of the person or estate or both," and "does not order the issuance of letters of guardianship as required by law."

As relating to the first ground stated, the application for appointment of guardian

as made and filed reads, omitting the formal caption:

"Now comes T. J. Davis, who resides in Rusk County, Texas, and shows to the Court that Bentley Bothwell Box is a girl four years of age, Oct. the 16th, 1910; is a minor and resides with him, her grandfather, in the County of Rusk and State of Texas; and is without any lawful guardian of her estate. That she, the said Bentley Bothwell Box, is entitled to an estate of real property situated in the said County of Rusk, of the probable value of Three Hundred Dollars, one-half of which belongs to said minor. The father of said minor, G. F. Box, departed this life April 9th, 1911, and was a resident of Rusk County at the time of his death. Your applicant is in no way disqualified to act as guardian of the estate of said minor.

"Wherefore, it being necessary to have a guardian appointed for the estate of said minor, your applicant prays that notice of this application be given, as required by law, and that he be appointed the guardian of said minor."

The matters to be inserted in the application are enumerated by the statute, namely:

"Art. 4113. A proceeding for the appointment of a guardian is begun by written application, filed in the county court of the county having jurisdiction thereof. Any person may make such application. It shall state:

"1. The name, sex, age and residence of the minor.

"2. The estate of such minor, if any, and the probable value thereof.

"3. Such facts as show the jurisdiction of the court."

The application is not apparently lacking in conformity with the statute. The particular averments therein disclose affirmatively a prima facie state of facts sufficient to call into being the primary inherent jurisdiction of the probate court of Rusk county to appoint a guardian for an infant and of her estate within its territorial jurisdiction; that an infant of tender years whose father has died, and who has an estate, is without any guardian of her estate, and that the domicile of such infant as well as that of the father at his death and of the near relative of the infant applying for the appointment, and the location of the estate, are all in the same county where the particular probate court presides. 12 R. C. L., § 15, p. 1114. There is not an alleged defect in jurisdiction apparent on the face of the application. The court

within whose territorial jurisdiction the ward is domiciled and the property is located is ordinarily the court which has the right and owes the duty to appoint the guardian. The rule is otherwise only where the jurisdiction of venue is placed by statute exclusively in the probate court of a particular county. Consequently, if there be any objections to the application of being radically defective in asserting the essential facts to obtain jurisdiction of that particular probate court of Rusk county in the alleged particular class of cases, it must be predicated, if at all, upon such particular jurisdictional matter being otherwise specified in the statutes and required to be shown in the application, but omitted in the application. As specially argued in that respect by the appellant, "before jurisdiction could attach to the County Court of Rusk County to appoint a guardian of this minor the face of the application must further show that this minor's mother resided in that county or was dead, as it is over only this class of minors that the probate court has jurisdiction to appoint a guardian to take charge of their estate." That calls for consideration of article 4111; which pertains to venue in the two special cases mentioned therein. The article, as it read before amendment, and while in force at the time the proceedings were instituted, provided, as pertinent, that:

"A proceeding for the appointment of a guardian shall be begun:

"1. For the estate of a minor in the county where the parents of such minor reside, or in the county where the parent having custody of the minor resides when the parents do not reside in the same county.

"2. For the person and estate of an orphan, or of either, in the county where the last surviving parent of such orphan resided at the time of the death of such parent, or where such orphan is found, or where the principal estate of such orphan may be."

It was intended by the article to confer jurisdiction exclusively upon the probate court in a particular county in respect to the two classes mentioned, of where (1) "the parents" of the minor are both living, and (2) of an "orphan." Such statutory provision may be deemed mandatory and exclusive as applied to the two particular classes, like similar provisions relative to specified matters. See 21 Tex. Jur. p. 238; Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441; Hood v. Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243. In the present case, though, it may not be held that the power of the probate

court for the purpose of the appointment of a guardian is affected by the fact that the mother may be living, for such statutory provision fails to assert anything about the residence of the mother, if living. The statute by its terms has application only where both parents of the minor are living, and not where only one parent is living. Since the language used makes the purpose and intent certain and not questionable to mean and refer to "the parents" when both of them are living, the statutory rule of construction declaring that "the singular and plural number shall each include the other" (subdivision 4, art. 10, R. S.) cannot be invoked. And, too, it is the general rule of construction that when those things are mentioned of which a court has jurisdiction, no other is implied. Therefore, the omission from the application of the averment that the mother was living and in Rusk county would not be the absence of averment of a jurisdictional fact, for the domicile of the minor was not by the statute regulated by that of the county exclusively where the surviving parent resides. It not appearing on the face of the record that the particular probate court of Rusk county was without jurisdiction, the proceedings of that court cannot be collaterally attacked. 21 Tex. Jur. § 9, p. 214. And especially may it be observed that as a matter of fact were evidence dehors the record admissible in direct attack, the probate court of Rusk county had jurisdiction in that particular proceeding, for the surviving mother of the minor actually resided, as proven, in Rusk county before and at the time of the application and appointment.

The circumstances affecting the propriety of appointment of the grandfather as guardian of the estate is a question entirely aside. There may be a guardianship extending only to property, although the surviving mother be living and fully authorized to act as guardian of the person. Had the mother of the minor at the time intervened by petition in the proceeding and asked to be appointed as guardian of the estate, her right to such appointment may have, if proper, been deemed by the court prior. Article 4118, R. S.; Estes v. Presswood (Tex. Civ. App.) 137 S. W. 145. The later amendment to article 4111 by the act of 1929 (Acts 1929, c. 31, § 1 [Vernon's Ann. Civ. St. art. 4111]), would, too, probably present a different situation then existing before the amendment, for the amendment made by the act of 1929 added the new clause, namely: "In the county where the surviving parent resides, if only one is living."

■ The second ground stated has relation to the invalidity of the notice given upon the filing of the application for the appointment of a guardian; that the notice cited all persons interested in "the estate" instead of "the welfare" of the minor. The order appointing the guardian does not mention nor in anywise refer to any notice of the application. The statute provides that upon the filing of the application for appointment as guardian of either the person or the estate a notice shall issue and be publicly posted, and "which notice shall cite all persons interested in the welfare of such minor to appear at the named term of the court and contest such application if they see proper." Articles 4114 and 4115, R. S. The proceeding is not in the attitude of having no citation or notice issued where such a requirement exists. Threatt v. Johnson (Tex. Civ. App.) 156 S. W. 1137. In the present case a notice was timely issued, although using a word different from the word used in the statute to designate the persons to whom notice must be given. The word "welfare," as designating the persons to whom notice must be given, would more pertinently apply to persons who have concern in the appointment of guardian of the person of the minor; the fitness and propriety of appointment as guardian of the person of a minor, of a person who would best conserve the well-being of such minor. The word "estate" correctly and not insufficiently describes the persons who may have concern in the appointment of a guardian of the estate only of a minor. Its meaning is in harmony and not in conflict with the general meaning of "welfare." The application here was for the appointment of a guardian for the estate, and the notice on the application was to the same effect. The difference in the meaning of the two words is slight, and was not calculated to mislead any person. The irregularity merely may not be regarded as fatal to the jurisdiction, at least on collateral attack.

■ As relating to the third ground stated, the order of the probate court of appointment of guardian, as made and entered in the minutes, reads:

"Guardianship of Bentley Box, a Minor, No. 1904. September Term, Sept. 13, 1911.

"In the Probate Records of Rusk County.
"Appointment of Guardian.

"On this day came on to be considered the appointment of a guardian for said minor, Bentley Box, and after due consideration of same, it is ordered and adjudged by the court

that T. J. Davis, be and he is hereby appointed guardian of said minor, he entering into bond in the sum of Five Hundred Dollars.

"It is further ordered by the court that Perry Guerin, H. P. Leaverett and Charlee Christian be, and are hereby appointed appraisers of said estate."

The statute (article 4125) provides that "The order of the court appointing a guardian shall be entered upon the minutes of the court and shall specify," among other things, namely: "3. Whether the guardian of the person, of the estate, or of both the person and estate of such ward," and "5. If it be the guardianship of the estate, the order shall also appoint three or more disinterested persons to appraise such estate, and return such appraisement to the court." The order of the court may not be regarded as specifying or stating exactly in express terms that the guardian is appointed over "the estate" of the minor. But the order considered in its entirety indicates or gives suggestion that the guardian is appointed guardian of the estate of the minor. The portion of the order appointing appraisers, required by the terms of the statute only when "it be of the guardianship of the estate," throws light and tends to give a specific character to the appointment as applicable to the guardianship of the "estate" of the minor. By clear implication the order was applicable to the guardianship of the "estate" of the minor. This construction of the order in its entirety is fairly reasonable, and in effect shows that it is not absolutely lacking of substantial compliance with the legal provisions. It is sufficient to afford public notice of the purposes of the appointment and the extent of authority to act given the guardian, whether control of the person or the estate only, and to enable the public interested to pursue inquiry of whether such appointed guardian has accepted and qualified according to law. Under the order the guardian in fact executed the written oath and the official bond in express terms to "faithfully discharge the duties of guardian of the estate of Bentley B. Box, a minor." It is concluded that the order may not be deemed legally void, and therefore it is not subject to collateral attack. The case of Gill v. Everman, 94 Tex. 209, 59 S. W. 531, has a situation which differentiates it from the present case. There the order reads broadly and simply and without other words, "It is ordered that Jacob Everman be, and he is hereby, appointed guardian of Maud Gill and Lizzie Gill, infants under the age of fourteen years, and heirs of Marcus Gill, deceased." There is the absence of any words

in that order or in any portion or paragraph indicating or giving suggestion of the appointment as applicable to the guardianship of the estate.

Assignments of errors are further urged attacking as legally invalid the order of sale of the land, and the deed of the guardian. It is concluded that matters so attacked are not void, but at most are irregularities only, which are not contrary to the rule of collateral attack.

By proper assignment of error the point is further made that the intervener is entitled in the facts to recover a life estate in the portion of land in controversy. It appears that after the guardian's sale in December, 1912, the purchaser, J. R. Box, came into exclusive possession of the north half of the 250-acre tract, and later, by agreement with the owners of the south half of the tract, partitioned the land so as to set aside to J. R. Box the north 125 acres. It was agreed upon the trial that the land had been so partitioned, and that plaintiff's recovery shall be confined to the north 125 acres. The court in that connection makes the following findings of fact which are supported by the evidence, namely:

"That during each of the years from 1912 to 1930 the said J. R. Box kept the North 125 acres of said tract under a substantial fence, and resided thereon with his family every year from 1912 to 1930, except the year 1916, when said land was occupied and used by a tenant of said J. R. Box; that during each and all of the years from 1912 to 1930, the said J. R. Box used the North 125 acres of said tract for agricultural and other similar purposes, and claimed exclusive ownership thereof, and that during those years no adverse claim was made to said land, as against the title of J. R. Box; and that no such adverse claims were made until the discovery of oil on said land, about the year 1931, and at the time of the filing of this suit; and that during all of said years the said J. R. Box paid all taxes on and against the North 125 acres of said tract, paying said taxes each year as and when due.

"That Intervenor, Mrs. Mary C. Brothers, during all of the years from 1912 to the date of her intervention, knew, or should have known on account of the notorious character of such adverse possession, of the adverse claim of J. R. Box to the North 125 acres of said 250-acre tract."

The intervener resided in Rusk county during the years 1912 to 1930, inclusive, and made no claim to the land in controversy and

asserted no interest therein during these years.

It is concluded that the judgment should be affirmed, and it is accordingly so ordered.