# NOVEMBER, 1907.

### GEORGE CAMPBELL V. BUD STORER AND WIFE.

No. 1698. Decided November 6, 1907.

**1.—Custody of Minor—Jurisdiction.**

A girl five years old, the mother being dead, was committed by the father living in New Mexico, to the care of an aunt residing in Texas. On habeas corpus, brought by the father to recover custody of the child, the District Court had authority, by virtue of the child's domicile within its jurisdiction, to determine whether the interest of such infant demanded that it be retained in its present custody or surrendered to the father, and this whether the delivery to the aunt was made by him as a permanent arrangement, or subject to his right to reclaim the custody. Lanning v. Gregory, 100 Texas, 310, distinguished. (P. 85.)

**2.—Judgment—Findings—Presumption.**

In the absence of findings of fact by the trial court it will be presumed that his finding upon a question affecting the jurisdiction and upon which the evidence was conflicting was such as to support the judgment rendered. (P. 85.)

**3.—Custody of Infant—Habeas Corpus.**

The writ of habeas corpus from the District Court is a proper proceeding to determine whether or not the person exercising restraint over an infant is doing so illegally; and upon this issue it is proper for the court to inquire and determine whether the interest of the infant demands that it be continued in respondents custody or placed in another's. (P. 85.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Stephens County.

*W. T. Andrews, A. J. Powers* and *Theodore Mack*, for appellant.— These cases will serve to illustrate the principle underlying our contention that a court may have jurisdiction of the parties and of the subject matter, but not of the res. Morris v. Hand, 70 Texas, 481; Fryer v. Meyers, 13 S. W. Rep., 1024; Texas & P. Ry. Co. v. Gay, 86 Texas, 597; Paul v. Chenault, 44 S. W. Rep., 682.

Can a Texas court disrupt domestic relations existing between non-resident parent and child? This depends upon what effect should be given to the question of domicile. In our determination of this question we are aided by the opinion lately handed down in Lanning v. Gregory, 100 Texas, 310. Adoption in Texas confers on the adopted child the rights only of an heir, and does not constitute him a member of the family of the adoptor, as did the civil law. Eckford v. Knox, 67 Texas, 200. The domicile of a minor is the same as, and changes with, that of the father. (Lamar v. Micou, 112 U. S., 452; Allgood v. Williams, 92 Ala., 551; In re Vance, 92. Cal., 195. It is quite clear that a guardian appointed in a State in which the ward is temporarily residing can

not change the ward's permanent domicile from one State to another. (Lamar v. Micou, 112 U. S., 452, 471, 472; In re Henning's Estate, 128 Cal., 214; Peacock v. Collins, 110 Ga., 281.)    Each State as parens patriae has the undoubted right to determine the status or domestic and social conditions of its infant citizens.    (Strader v. Graham, 10 How. (U. S.), 82; Brown on Jurisdiction, secs. 79, 80, especially page 207; Church on Habeas Corpus, sec. 374; Brown on Jur., 290; 15 Am. & Eng. Ency. Law (2d ed.), 86, page 187, and cases cited.)    To the courts of New Mexico, therefore, belonged the right to determine whether the father was the proper person to have the custody of his child.    We must observe a distinction between a local and transitory action, for, as said by Justice Story in his Conflict of Laws, 671, citing Morrell v. Dickey, 1 Johns. Ch., 153; Woodworth v. Spring, 4 Allen (Mass.), 321, and other cases:  "The rights and powers of guardians are local." Involved in the questions certified is the point whether the so-called agreement, upon which the evidence conflicted, is revocable or irrevocable.    It is evident that in New Mexico (Bustamento v. Annalla, 1 N. M., 255) this agreement is contrary to public policy. In Legate v. Legate, 87 Texas, 253, it is said that the attempted transfer is not a contract and can not be enforced as such, because neither the child nor its custody is a subject-matter of contract. That the father can not divest himself irrevocably of the custody of his child seems to be the rule enunciated in Schouler on Dom. Rel., 345.    See also 21 Am. & Eng. Ency. Law (2d ed.), 1039, and numerous cases cited.    That such a contract is against public policy is laid down in the same work, vol. 15, page 958, where numerous authorities are cited to sustain the text.    See also vol. 15, page 23, and authorities noted.    The reason of the rule seems to be that the trust is a personal one.    Field's Law of Infants, sec. 32, citing State v. Baldwin, 1 Hals. Ch. (N. J.), 454; s. c. 45 Am. Dec., 394.    Byrne v. Love, 14 Texas, 88, an opinion by Chief Justice Hemphill, is authority for the proposition that guardianship by nature is not assignable.    The whole subject of domestic relations of husband and wife, parent and child, belongs to the State of the domicile of the parties.    In re Burrus, 136 U. S., 586.    See also dissenting opinion of Mr. Associate Justice Brown in Haddock v. Haddock, 201 U. S., 611, where the doctrine announced in Strader v. Graham, 10 How., 82, is reiterated.

*W. C. Veale, R. M. Ellerd* and *W. P. Sebastian,* for appellees.— The father of a minor child, who, after the death of the mother, voluntarily surrenders the custody and control of the child to another and then seeks to recover possession of the child by writ of habeas corpus, can not obtain the relief sought, unless upon a hearing of the facts it shall appear that the best interest of the child will be promoted by granting the relief prayed for.  "And the child is entitled to the benefit of that home and environments which will probably best promote the interest of the infant."  Legate v. Legate, 87 Texas, 248; White v. Richeson, 94 S. W. Rep., 202; Plahn v. Dribred, 36 Texas Civ. App., 600.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals for the Second District. The statement and questions are as follows:

"This appeal is from a judgment rendered against appellant in a *habeas corpus* proceeding instituted by him to recover from the appellees the possession of Ima Campbell, a girl of five or six years old and his only child, who was alleged to be unlawfully restrained by them. The court not only denied him any relief but enjoined him from disturbing appellees in their possession of the child. The litigation grows out of a most shocking and deplorable domestic tragedy, in which the wife of appellant, who was the mother of this child and three others, shot to death all but this one and wounded her and then took her own life. The tragedy was of course due to insanity. *Res ipsa loquitur.* The place of the tragedy was the home of appellant near Tucumcari, New Mexico, where he resides still, and the date, June 13, 1905. Soon thereafter appellees obtained possession of the child in question and brought her to their home in Stephens County, Texas, where she has been well provided for and taken care of as a member of their family ever since, appellee's wife being a sister of the child's mother.

"As to the nature and circumstances of the delivery of the child to the wife of appellee and to Mrs. Ellerd, another sister, who also resides in Texas and, with her husband, was present when the child was delivered, the evidence was conflicting; the testimony offered by the appellees tending to prove that appellant gave his consent for said sisters to bring the child to Texas and keep her here permanently, and that offered by appellant tending to show that the child was to be returned to him whenever he called for her.

"As to whether it would be better for the child to restore her to her father or leave her with the appellees, a large volume of testimony was offered on both sides, and it appears from a recital in the judgment, there being no other finding of facts, that the court determined this issue in favor of the appellees.

"By numerous witnesses of high standing in Texas who had known appellant while he lived here before he moved to New Mexico, and also by the same class of witnesses in New Mexico who have known him there, appellant established for himself the reputation of a good citizen and a moral, sober man, who was kind to his family, and provided reasonably well for them. Two witnesses, however, a man and his wife, who had known appellant in New Mexico, testified to circumstances tending to show that at times appellant had treated his wife and children in a very rough manner, going so far on one occasion as to knock his wife down. This was denied by appellant, but he did admit striking her when greatly provoked by her.

"The evidence made it clear that the appellees were in every way suitable to have the care and training of the child, and that their home and community afforded a better environment for her, apparently, than the home of appellant in New Mexico. The only circumstance offered to the contrary was the fact that the wife of

appellee had a sister in the asylum, who, like the wife of appellant, had become violently insane.

"*Questions certified.*—First. Was Ima Campbell illegally restrained by the appellees?

"Second. If not, did the District Court of Stephens County have jurisdiction to determine the controversy between appellant and appellees as to whether it would be to the best interests of the child to leave her with the appellees or return her to the care and custody of appellant; it being intended by these questions to have the Supreme Court determine whether or not the domicile of the child remained that of her father in New Mexico, after the transaction in which the child was turned over by the appellant to the appellees? Involved in this question also, perhaps, is the question of whether we should treat the judgment, which is silent on the subject, as a finding in favor of the appellees on the matter of conflict between them and appellant as to the nature of that transaction?"

In the case of Lanning v. Gregory (100 Texas, 310) we held that the District Court of Hunt County was without jurisdiction to determine the question of the custody of the child in controversy in that case. But in that case the custody of the child had been judicially determined, and he was in the temporary custody of the father who was domiciled in the State of Louisiana—residing with a sister of Lanning, the defendant in the suit. The child had been brought by the sister to Dallas, Texas, on a temporary visit. The mother who was plaintiff in the proceeding, had married again and was resident in another State. This case is quite different. Here the father, according to all the testimony, had consented to its removal from New Mexico to Texas to be in custody of its aunt, a sister of its deceased mother. So far as this immediate question is concerned, it is unimportant whether the custody was to be permanent or whether he reserved the right to a revocation of the arrangement—a question upon which there is a conflict of evidence. The child was in Texas and was temporarily resident here, and that in our opinion is sufficient to give the courts of Texas the power to determine the question of her rightful custody.

The trial judge having filed no conclusions of fact, we also think that upon appeal, it should be held that he had found every disputed fact in such way as to support the judgment; that is, that the agreement between him and his sister-in-law was, that she should have permanent custody of the child.

We think the question of the illegal restraint of the child, was the question to be determined by the suit, and that it was properly brought for a decision of that question.

We also think that the District Court of Stephens County had jurisdiction to determine the controversy between the appellant and the appellees as to whether it was to the best interest of the child to leave her with appellees or to return her to the custody of appellant. We are also of the opinion that the judgment should be treated as a finding in favor of appellees upon the conflict in the testimony as to the nature of the original transaction, in which the custody was given to appellees.