### BLACK et al. v. ADAMS et ux.
### No. 5898.

Court of Civil Appeals of Texas. Amarillo.

Sept. 13, 1948.

Ray Cowsert, of Dimmitt, for appellants.

James W. Witherspoon, of Hereford, for appellees.

PITTS, Chief Justice.

This is an appeal from a habeas corpus proceeding instituted by relator, Lena Reese Black, joined pro forma by her husband, Dim Black, seeking to have awarded to her the custody of two minor boys, namely, Jerry Larue Adams, age five years old, and his brother, Claude Eugene Adams, age three years old. The case was tried to the court without a jury, as a result of which the custody of the said children was awarded to respondents, P. M. Adams and wife, Mrs. P. M. Adams, the paternal grandparents of the children, from which award an appeal has been perfected.

The record reveals that the parents of the children, Harley G. Adams and wife, Annie M. Adams, were killed on January 7, 1948, in the State of Colorado as a result of a collision between their automobile and a train. The boys were riding in the automobile with their parents at the time of the collision and Jerry Larue was seriously injured as a result of the collision and was taken immediately to the hospital in Denver, Colorado, where he remained for some seven weeks before he was released. On January 12, 1948, relator, Lena Reese, a sister of Annie M. Adams, deceased, and an aunt of the minors, was appointed guardian of the estate of the said minor children by the County Court of Denver,

Colorado, qualified as such guardian and took possession of $3,200 in money belonging to the estate of the said minors. About a week after the death of the parents' of the boys, Perry Schrayer, a brother of Annie M. Adams, deceased, and an uncle of the said minors, took the younger boy, Claude Eugene Adams, to live at least temporarily with him in his home in the State of Oklahoma just across the state line from Kerrick, Texas. On February 24, 1948, respondent P. M. Adams made satisfactory arrangements with the management of the Denver hospital to have Jerry Larue Adams released to him after which he drove back by the home of Perry Schrayer who, at the request of said respondent, gave possession of Claude Eugene Adams to the said respondent and both of the said boys accompanied the said respondent who was their paternal grandfather to his home in Dimmitt, Castro County, Texas, where both boys have since resided with respondents. The record further reveals that relator, Lena Reese, married Dim Black on March 17, 1948; that she had been previously married and had two children, ages nine and eleven, by her former husband. The record further reveals that the deceased parents of the said minors were living in the State of Colorado at the time of their death but that they had formerly lived in Texas for some months near respondents during the lifetime of the said minor boys.

Relator presents only the question of whether or not a Texas court under the facts and circumstances had jurisdiction to award custody of the minor children to respondents. After a careful examination of the record and a full consideration of the law governing such matters, we have concluded that the trial court had jurisdiction to make such award. The record reveals that relator sought to invoke the jurisdiction of the Texas court in an effort to acquire custody of the children; that on April 14, 1948, the minor children, together with all parties to the said suit and their counsel, were present before the trial court and a full hearing was given all parties concerning all issues; the trial court found against relator on the controlling issues presented.

 It is elementary law that the county court has exclusive jurisdiction to appoint a guardian of a minor while the district court alone has jurisdiction over custody proceedings. We think the question here raised was decided against the contentions of relator by the Supreme Court in a similar case styled and reported Wicks v. Cox, 208 S.W.2d 876. In that case the court held that the trial court had jurisdiction over the subject matter and further held that technical legal domicile of a child in the State is not essential to give a court of this State jurisdiction of a child custody case where the child and all parties concerned are before the court for the hearing. The court further held in that case that the principles underlying jurisdiction of the subject matter in such cases is the welfare of society, primarily as evidenced by the welfare of the child, and such also involves the right and duty of a state to look after the welfare of minor children within its borders. We cite this case and other authorities therein cited in support of our position here taken.

For the reasons stated the judgment of the trial court is affirmed.