# MARY WORDEN v. ITHIEL WORDEN.

No. A-2294. Decided November 2, 1949.
Rehearing overruled November 30, 1949.
(224 S. W., 2d Series, 187.)

*John Touchstone* and *George C. Cochran,* both of Dallas, for petitioner, Mary Worden.

The judgment of the court below was erroneous because it legalized an unlawful seizure by force and violence in order to evade jurisdiction, and because the petitioner herein, under Article 4118, R. S., had a right to acquire a domicile for herself and her child in Virginia. Shippen v. Bailey, 303 Ky. 10, 196 S. W. (2d) 425; Wicks v. Cox, 146 Texas 489, 208 S. W. (2d) 876; 28 C. J. S. 22, sec. 12.

*Burt Barr and Earl R. Parker,* both of Dallas, for petitioner, Ithiel Worden.

It was error for the Court of Civil Appeals to overrule petitioner's motion to dismiss said cause because the wife is not entitled to legally maintain a suit while the parties are still married. Also in overruling his contention that as the custody of the child was only incident to an action in divorce, a child custody case could not be entertained while the parties were husband and wife. Peacock v. Bradshaw, 145 Texas 68, 194 S. W. (2d) 554; Wilson v. Brown, 154 S. W. 322; Lowry v. Saxton, 23 S. W. (2d) 806.

MR. JUSTICE HART delivered the opinion of the Court.

This is one of those cases, of unhappily frequent occurrence, involving the custody of a child. An unusual feature of this case is that the parents, who are contesting for the child's custody, have not been divorced and no divorce action between them is pending. They were married in 1946 and established their domicile in Dallas, Texas, where they lived with their child until July 22, 1948, when the wife, without the consent of the husband, took the child with her to Arlington, Virginia, with the intention of permanently separating from her husband. She kept the child with her until, on November 10, 1948, the hus-

band seized the child on a public street in Arlington, without the consent of his wife, and removed the child to Texas. The wife followed her husband and child to Dallas and there filed a petition for a writ of habeas corpus, naming her husband and his mother as respondents. She alleged that her husband had wrongfully taken possession of the child in Virginia and that the court "should order her restoration of the status quo by restoring the custody and control of such child to the Relator as it existed on November 10, 1948, without prejudice to any right of the Respondents to apply to the proper courts of Virginia for any relief to which they might be entitled upon the issue of care, control and custody." In the alternative, she prayed that the custody of the child be awarded to her, if the court took jurisdiction of this issue.

The husband's answer by motion to dismiss and special exceptions attacked the right of the relator to bring the suit and the jurisdiction of the court, excepted to the generality of the relator's petition, and in the alternative prayed that custody be awarded to him. The court sustained one of the special exceptions filed by the husband asserting that the relator's petition was vague and indefinite, and in response to this ruling the wife filed a supplemental petition alleging in more detail misconduct of the husband which she asserted caused their separation and rendered him unfit to have custody of the child. The other respondent, the husband's mother, also filed an answer, but she has not appealed from the court's judgment and it is therefore unnecessary to discuss her contentions.

After a hearing in which a number of witnesses testified, including both husband and wife and their respective mothers, the court entered a judgment which provided that the child "be restored to the custody of his mother, Mary Worden, the Relator herein, as such custody existed on November 10, 1948, prior to the seizure of such child by the Respondent, Ithiel Worden, without prejudice to any right of such Respondent to apply to any court of competent jurisdiction of the State of Virginia for such relief to which he may be entitled, if any."

The husband appealed from this judgment, and the Court of Civil Appeals reversed and remanded the case for a new trial. 222 S. W. (2d) 254. That court held that the wife had the right to maintain the suit, but that the relator and the trial court had erroneously assumed that the domicile of the child was in Virginia and had also erroneously assumed that the Texas court was without jurisdiction to try anything but the right

to the possession of the child as distinguished from its custody. Concluding that the decision of the case on these assumptions was fundamental error, although not assigned by either party, the Court of Civil Appeals sent the case back to the trial court so that it could determine the question of custody.

Each parent has filed a petition for writ of error in this court. The wife asserts that the judgment of the district court was correct and should be in all things affirmed. The husband contends that the wife had no right to maintain the suit, that the district court had no jurisdiction, and that the case should be dismissed.

■ We think that both of the courts below were correct in holding that the wife had the right to bring this suit. The husband relies on decisions such as Nickerson v. Nickerson, 65 Texas 281, to the effect that the wife may not sue her husband for personal injuries which he does to her during coverture. It is argued in effect that the present case is analogous because the wife here relies upon misdeeds of the husband toward her as grounds for securing relief. We think, however, that this suit is essentially different, because the principal consideration in this case is the welfare of the child rather than the rights of the spouses as against each other. No reason of public policy which might prevent one spouse from suing the other is present here, because the home has already been broken up and the real issue to be decided is the future care of the child in the light of this unfortunate actuality. No Texas case exactly like this has been found, but in Green v. Green. Tex. Civ. App., 146 S. W. 567, writ dismissed, it was held that a wife could maintain an injunction suit against her husband to restrain him from taking their children from her, prior to the filing of a valid divorce proceeding. See, also, Speer, Law of Marital Rights in Texas, secs. 501-505. No statute or prior decision of this court would prevent the maintenance of this suit by the wife, and we are convinced that the lower courts were correct in holding that she may do so. Compare Breene v. People ex rel. Breene, 51 Colo. 342, 117 Pac. 1000; Urbach v. Urbach, 52 Wyo. 207, 73 P. (2d) 953; Ex parte Badger, 286 Mo. 139, 226 S. W. 936, 14 A. L. R. 286.

■ The husband also makes the closely related contention that the district court has no jurisdiction to enter an order awarding custody in this kind of case, because the statutes give the district courts the power to determine the custody of children only as an incident to a divorce suit, citing Articles 4639 and

4639a, Vernon's Tex. Civ. St. These are the only statutory provisions authorizing the district courts to determine the custody of children; but by Article 5, Section 8 of the Texas Constitution, the district courts are given "original jurisdiction and general control over * * * minors under such regulations as may be prescribed by law," and under this provision it has been held that the district courts may determine the custody of children in habeas corpus proceedings which are independent of divorce suits. Legate v. Legate, 87 Texas 248, 28 S. W. 281; State ex rel. Wood v. Deaton, 93 Texas 243, 247, 54 S. W. 901; Ex parte Reeves, 100 Texas 617, 103 S. W. 478; Speer, Law of Marital Rights in Texas, sec. 85; 39 Am. Jur., Parent and Child, sec. 18. The use of the writ of habeas corpus in this kind of case has been held to be an exercise of the equity powers of the court, as contrasted with the limited historical function of relief from illegal restraint. Tunnell v. Reeves, Texas Com. Ap., 35 S. W. (2d) 709; Ferguson v. Coody, Texas Civ. App., 211 S. W. (2d) 295; 21 Tex. Jur., Habeas Corpus, sec. 50; Sheehy v. Sheehy, 88 N. H. 223, 186 Atl. 1; Ex parte Armstrong, 169 Ore. 320, 128 P. (2d) 951; Merchant v. Bussell, 139 Me. 118, 27 Atl. (2d) 816. The powers of the district courts to award custody have been held to be independent of and superior to the powers of county courts, under Article 5, Section 16 of the Constitution, and the guardianship statutes (Article 4102, 4118 and related articles in Title 69, Vernon's Tex. Civ. St.) to appoint and supervise guardians of the persons of minors. Thomason v. McGeorge, Texas Com. App., 285 S. W. 285; Anderson v. Cossey, Texas Civ. App., 214 S. W. 624; Thompson v. Doyle, Texas Civ. App., 209 S. W. (2d) 425, writ refused, n. r. e.; Estes v. Presswood, Tex. Civ. App., 137 S. W. 145; 31 Tex. Jur., Parents and Child, sec. 19. We therefore overrule this attack on the district court's jurisdiction.

■ The wife in her petition for writ of error complains of the atcion of the Court of Civil Appeals in reversing the judgment of the district court and remanding the case for a new trial. The reason the Court of Civil Appeals gave for its holding was that the district court had tried the case on the fundamentally erroneous assumptions that the domicile of the child was in Virginia and that the Texas court had no jurisdiction to determine the child's custody. The Court of Civil Appeals was of the opinion that as a matter of law the child's domicile was in Texas and that only the Texas court could determine its custody. We agree that under the facts of this case the Texas court had jurisdiction of the question of custody, but we do not agree that as a matter of law the child's domicile was in Texas or that the district court's judgment should have been reversed.

Under the facts in this case, we think that the district court would have been justified in concluding that the misconduct of the husband brought about the separation, and under these circumstances it has been held that the wife has the power of establishing a separate domicile for herself and a child she takes with her. In 1 Beale, Conflict of Laws 215, it is said: "Under the correct modern view, however, if the parents are living apart because of the husband's fault, a child who lives with the mother takes the mother's domicile; as for instance where the father abandons his family; and this result would naturally follow in the states which give equal control to both parents." See, also, Stumberg, Conflict of Laws 43; Boardman v. Boardman, 135 Conn. 124, 62 Atl. (2d) 521; In re Thorne, 240 N. Y. 444, 148 N. E. 630; Glass v. Glass, 260 Mass. 562, 157 N. E. 621, 53 A. L. R. 1157; Oxley v. Oxley, U. S. Ct. App. D. C., 159 F. (2d) 10; Ex parte Bryant, 106 Ore. 359, 210 Pac. 454; Ex parte Means, 176 N. C. 307, 97 S. E. 39.

■ Article 4118, Vernon's Tex. Civ. St., provides in part, with reference to guardianship of the persons of minors, that, "The rights of parents who do not live together are equal; * * *."

Following these authorities, we think that the district court could have properly concluded that the child's domicile was in Virgina before the father removed it to Texas, because substantial evidence was introduced by the wife to show that the separation was due to the husband's fault. However, the jurisdiction of the Texas courts to determine custody does not necessairly depend on the child's domicile in this state. After carefully reviewing the authorities, this court held in Wicks v. Cox, 146 Texas 489, 493, 208 S. W. (2d) 876, 878, 4 A. L. R. (2d) 1, that the "technical legal domicile of the child in this state is not a sine qua non of child custody jurisdiction on the part of our courts." Whether our courts have and will exerecise jurisdiction depends in part upon domicile and also upon broader considerations, including among other things the physical presence before the court of the child and the contesting parties, and the general situation affecting the ability of the court to form an intelligent judgment on what will be best for the child's welfare. Here the facts show that the child and both parents were before the court; the husband is still a Texas domiciliary; most of the relevant facts occurred in Dallas, where the domicile of all of the parties had been until only a few months before the trial, and apparently all important witnesses actually were present and testified. Under these facts we think that the Texas court was in a better position to pass intelligently on the

matter of the child's welfare than the courts of Virginia, and therefore that the Texas court had jurisdiction to award custody.

■ It does not follow, however, that the judgment of the district court must be reversed. Neither party has complained of the failure of the district court to make a complete determination of the question of custody. The wife primarily sought only the limited relief which the court granted, and she has insisted in the Court of Civil Appeals and here that the district court's judgment should be affirmed. The husband has taken the position in the Court of Civil Appeals and here that the case should be dismissed, asserting that the wife could not maintain the suit and that the court had no jurisdiction, and he has assigned no error to the failure of the district court to render an unqualified judgment fixing custody. We think that the failure of the district court to go to the limit of its jurisdiction does not constitute fundamental error within the holding of Ramsey v. Dunlop, 146 Texas 196, 205 S. W. (2d) 979, if it was error at all. There is no violation of a fundamental public policy involved in the court's judgment to the effect that the child shall be restored to the wife or in the proviso that the judgment shall not prejudice the husband's rights, if any, to obtain relief from the Virginia courts. We therefore think that under the record before us the district court's judgment should not be disturbed.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered November 2, 1949.

Rehearing overruled November 30, 1949.