### HENTHORN v. TYLER.

#### No. 6322.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 21, 1953.

Rehearing Denied Oct. 26, 1953.

Forrest Bowers, Lubbock, for appellant.

McWhorter, Howard & Cobb, Lubbock, for appellee.

MARTIN, Justice.

Appellant, Juanita J. Henthorn, and appellee, Luther A. Tyler, were formerly husband and wife and were residents of the state of Arizona. The parties separated and on the 31st of May, 1951, Juanita J. Henthorn filed suit in the Superior Court of the State of Arizona in and for the county of Pima seeking a divorce and custody of their two minor children, Dennis Tyler and Ronald Tyler. On the same day the petition was filed, appellee herein left the state of Arizona taking with him his son, Dennis Tyler, and established a residence in the state of Texas. Appellee later remarried following the granting of the divorce to his wife in Arizona. The judgment of divorce was rendered on the 14th day of August, 1951, and the decree also granted Juanita J. Henthorn the custody of the two minor children. Appellee was not personally served with citation, did not enter his appearance in the cause and at the time such judgment was granted on service by publication was a resident of the state of Texas as was his minor son, Dennis Tyler, now five years of age.

Appellant herein also remarried following the granting of the divorce and neither party to this cause is contesting the validity of that part of the Arizona judgment granting appellant a divorce. On February 12, 1953, appellant herein filed her application for a writ of habeas corpus in the District Court of Lubbock County, Texas, requesting that custody of Dennis Tyler be restored to her as decreed by the Arizona judgment. Neither party to the suit placed in issue the question as to whether the child's best interest would be served by placing his custody with his mother but appellant relied solely on the proposition that the District Court of Lubbock County should give full faith and credit to the Arizona judgment and thereunder restore the possession and custody of Dennis Tyler to her. From an adverse ruling by the trial court on this issue appellant perfected an appeal and presents one proposition and assignment of error as to the judgment of the trial court.

Appellee, by three counter points, asserts that he and the minor child were residents of the State of Texas and domiciled there at the time of the rendition of the Arizona decree and that since such judgment was rendered only on service by publication that the Arizona court had no jurisdiction to grant custody of Dennis Tyler to appellant and that such judgment was not therefore entitled to full faith and credit in the courts of Texas.

There is no dispute as to the essential facts in the cause and since there is no pleading and no proof of the Arizona law under the issue the laws of Texas are controlling as to the same. Perkins v.

Perkins, Tex.Civ.App., 237 S.W.2d 659. Also, under the facts as disclosed, the law places the domicile of the minor child, Dennis Tyler, with his father in the State of Texas. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, syl. 5. Under Milner v. Gatlin, Tex.Com.App., 261 S.W. 1003, syl. 3, cited in the cause, the issue would have been one easily resolved but this decision has been criticised and the rule as to the issue of domicile broadened in Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876. See syl. 2, page 877 of 208 S.W.2d. Without reviewing all the authorities, since such authorities have been adequately discussed in some of the decisions herein cited, it is apparent that the rulings of the Supreme Court, and such Courts of Civil Appeals as have ruled on facts similar to those here in issue, have not upheld the validity of a judgment for child custody where the domicile and actual residence of the child and of the parent holding his custody was outside the state where judgment of custody was rendered, such persons were not personally present before the court and the parent was not duly in court either by personal service or appearance. Wicks v. Cox, supra; Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187; Avenier v. Avenier, Tex.Civ.App., 216 S.W.2d 638; Campbell v. Stover, 101 Tex. 82, 104 S.W. 1046; Peacock v. Bradshaw, supra; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293.

The facts are undisputed that the appellee and his minor child were not personally in court in the state of Arizona and were domiciled and residing in the state of Texas at the time of rendition of the Arizona judgment here in issue and that appellee was only served in said cause by publication and made no appearance in the Arizona court. Upon such facts the trial court in Lubbock correctly held that the Arizona court was without jurisdiction to enter judgment awarding custody of Dennis Tyler to appellant in such cause and that the judgment there entered was not entitled to full faith and credit in the courts of Texas.

Appellant is not deprived of any right by the ruling of the trial court since both appellee and his minor child have been residents of and domiciled in the state of Texas for a period of more than two years since the filing and determination of appellant's suit for custody in Arizona and the Texas courts are in a "more or less equally good position to determine the child's best interest, and their doing so appears to involve no particular prejudice to good order or social welfare". Wicks v. Cox, supra, syl. 3, 4. It is recognized that the appellant was not required to put in issue in the Texas courts the question of the best interest of the minor child, the paramount issue in a suit for custody of a child, but under the ruling in Wicks v. Cox, the Texas court unquestionably had jurisdiction to hear and determine the issue as to the best interest of the child and award custody under such finding. The ruling of the trial court is further dictated by the proposition that to hold otherwise would be to give more credit to the Arizona judgment in the state of Texas than such judgment is entitled to in the state of Arizona as the Supreme Court of Arizona in Byers v. Superior Court in and for Yavapai County, 61 Ariz. 284, 148 P.2d 999, 1000, ruled "A foreign decree of divorce awarding custody of the children, entered when neither defendant nor the children were within the jurisdiction of the court, so far as the award of custody is concerned, is of no effect for want of jurisdiction."

Appellant's point of error is overruled and the judgment of the trial court is affirmed.