**Neill Carter SCOTT, Appellant,**

v.

**Roberta SCOTT, Appellee.**

**No. 15015.**

Court of Civil Appeals of Texas. Dallas.

Dec. 9, 1955.

Robert H. Hughes, Dallas, for appellant.

Earl R. Parker, Dallas, for appellee.

YOUNG, Justice.

The appeal is from a judgment awarding custody and fixing the sum of $30 per week as support for three named minor children of the parties; said order being attacked as invalid because rendered independently of a divorce action as contemplated by Arts. 4631, 4639, and 4639a, V.A.C.S.

We glean from the trial court's findings of fact and an otherwise undisputed background the following: Roberta M. and Neill C. Scott were married in October 1946 at Yuma, Arizona; moving to Pinellas County, Florida, where by 1952 three children were born to them: Neill, Diane, and Ronnie, (now about seven, four, and three years of age respectively). Marital differences having arisen in July 1952, the parents signed articles of separation, appellant agreeing to pay the sum of $45 per week for support and maintenance of wife and children; leaving the latter in appellee's Florida custody and moving to Dallas, Texas. During August 1953, suit was filed in a Dallas County District Court by Roberta Scott alleging that purpose thereof was "to determine custody of minor children and support therefor * * *." Also pled was an action for divorce alleging that she had been an actual bona fide resident of the State of Texas for more than twelve months and resided in the County of Dallas more than six months preceding the filing of said petition. The prayer was for $100 per week as child support and for a divorce in event the court regarded the residential requirements of plaintiff as sufficient. Date of support hearing was set for November 19, 1953 but no order appears as a result of such proceeding until that of February 5, 1955, here appealed from. In October 1954 defendant Scott filed motion to dismiss above mentioned suit against him; as grounds, alleging that Roberta Scott was at all material dates a resident of Florida and "does not possess qualifications necessary to maintain a suit for divorce as required by Article 4631 of Vernon's Annotated Texas Statutes"; the judgment in question reciting that defendant had offered no contest to the award of custody of the children named.

These further matters are reflected in the court's findings of fact: "(3) That the plaintiff is a resident of St. Petersburg, Florida; that she has never been a legal resident of the State of Texas. (6) That the children have always resided with their mother, plaintiff in this action, and have resided in St. Petersburg, Florida, all of their lives, and have not been in the State of Texas, either before filing or during this cause of action. (9) That since July 12, 1952 defendant has not always paid the sum of $45 per week to the plaintiff, but has paid at least $25 per week regularly since that time. (11) The defendant did not contest the wife's claim of custody, and has always agreed that his wife could and should have custody of the minor children, asking only that she allow him to visit with them. In the separation contract he signed when he left Florida, this was provided for." The trial judge found as a matter of law, however, that: "* * * this court has jurisdiction and authority to give custody of the minor children to the plaintiff herein in the absence of a suit for divorce, adoption, desertion, habeas corpus, dependent and neglected child, and delinquent cases."

No issue of custody is involved in the instant situation; and until enactment of Senate Bill 39, 54th Legislature, ch. 365, 1955 Session Laws, Vernon's Ann.Civ.St. art. 4639b, effective September 6, 1955, the District Court was not authorized to entertain suits for support of minor children (as in the case here) absent a bona fide suit for divorce. The court, therefore, upon finding of petitioner's above disqualifications, should have dismissed her suit inclusive of the ancillary relief prayed for; Pappas v. Pappas, Tex.Civ.App., 146 S.W. 2d 1115; Forse v. Forse, Tex.Civ.App., 220 S.W.2d 342; Yeater v. Yeater, Tex.Civ. App., 243 S.W.2d 389. We conclude that appellee's cited case of Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187, is not in point. There, the father unlawfully seized the minor child of the separated couple on an Arlington, Virginia, street, transporting it to Dallas, Texas; the trial court in habeas corpus proceedings simply ordering a restoration of the status quo.

The judgment below is accordingly reversed; order of custody and support set aside; with instructions to dismiss appellee's suit for divorce based upon the finding of statutory disqualification.

Reversed and remanded with instructions.