Marguerite G. DeLAUGHTER, Appellant,

v.

Kenneth G. DeLAUGHTER, Appellee.

No. 7505.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 6, 1963.

Rehearing Denied Aug. 27, 1963.

Harry Friedman: Harkness & Friedman, Texarkana, for appellant.

Bun L. Hutchinson: Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

FANNING, Justice.

Marguerite G. DeLaughter brought suit in a District Court of Bowie County, Texas, for a change of custody of two minor children. Kenneth D. DeLaughter, the defendant, filed a motion to dismiss for want of jurisdiction, which motion was granted and plaintiff's suit was dismissed. The trial court made findings of fact and conclusions of law and refused to make additional findings requested by appellant to which appellant excepted. Appellant has appealed.

Appellant presents one point on appeal wherein she contends that the trial court erred in dismissing the cause on defendant's plea to the jurisdiction.

Defendant's plea to the jurisdiction was in essence to the effect that both he and his minor children were residents of and domiciled in the State of New Hampshire and were without the jurisdiction of the trial court and that the trial court had no jurisdiction over the persons or subject matter of the suit.

The trial court heard evidence on the plea to the jurisdiction and made the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

"1. By an order of the 72nd Judicial District Court of Lubbock County, Texas entered on the 12th day of September, 1961 in Cause No. 35,626 styled Marguerite G. DeLaughter vs. Kenneth G. DeLaughter, the exclusive care, custody and control of the minor children involved herein, to-wit, Sandra DeLaughter and Tammera Ann DeLaughter, was granted to the Defendant, Kenneth G. DeLaughter.

"2. At the time of the institution of this proceeding and at the time of service of process herein upon the defendant and at the time of the hearing hereon the defendant, Kenneth G. DeLaughter, was a resident of and was domiciled in the State of New Hampshire.

"3. At the time of the hearing hereon the said minor children were actually and physically present, residing and domiciled in the State of New Hampshire.

### "CONCLUSIONS OF LAW

"This Court was without jurisdiction to determine the question of the change of custody of said minors."

■ We have carefully reviewed the statement of facts and hold that the evidence was sufficient to support the fact findings made by the trial court. We also hold that under this record the trial court was authorized to refuse to make the additional fact findings requested by defendant.

Although the minor children were physically present in Bowie County, Texas, at the home of their paternal grandmother at the time the suit was filed, they were in the State of New Hampshire with their father prior to and at the time of the hearing in the trial court. At the time of the institution of the suit the father, Kenneth G. DeLaughter, was an actual resident of and domiciled in New Hampshire, was also physically present in New Hampshire and was served with a non-resident notice in New Hampshire.

The minor children were never brought before the trial court by any process for the hearing before the court and as found by the trial court at the time of the hearing the minor children were actually and physically present, residing and domiciled in the State of New Hampshire. It thus appears very clearly that the minor children were not physically present before the trial court or physically present in the State of Texas at the time of the hearing nor were they domiciled in the State of Texas at the time of the suit or at the time of the hearing but were at all times material hereto domiciled in the State of New Hampshire.

■ There are two basic alternative prerequisites for custody jurisdiction: (a) domicile of the child in the State and (b) its presence in the State. See Ex Parte Birmingham, 150 Tex. 595, 244 S.W.2d 977, wherein it is stated in part as follows:

"In Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N.S., 690, we held a Texas court to be without jurisdiction to adjudicate the custody of a child domiciled in Louisiana but present in the state on a visit. Both the disputing father and mother were

before the court, but were domiciled respectively in Louisiana and Kentucky, having been divorced at an earlier date by a decree which contained no custody provision. The decision is indeed not authority for the proposition that a Texas domicile on the part of the child is essential to our custody jurisdiction. See Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, A.L.R.2d 1. See also Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187. However, it still stands as authority for at least this much: that the power of the court over the persons of the contending parties is not of itself sufficient to confer custody jurisdiction. If such power were enough, clearly we would have sustained jurisdiction and not rejected it. *From the two recent decisions last above cited and those to which the recent decisions last above cited and those to which the opinions therein refer, it is shown that the two basic alternative prerequisites for custody jurisdiction are (a) domicile of the child in the state and (b) its presence in the state.* Thus we have held in Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, that custody of a Texas child may be adjudicated here even though the child be then residing beyond the state, and on the other hand, as in Worden v. Worden, supra; Wicks v. Cox, supra; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293, and Campbell v. Storer, 101 Tex. 82, 104 S.W. 1047, that, under particular sets of facts, each of which included the presence, though not the domicile, of the child within the state, our courts may determine custody. Except where the child is domiciled or *physically present within the state,* we have yet to hold our courts to be vested with custody jurisdiction, while considerable authority from other sources has expressly rejected jurisdiction where both of these prerequisites are lacking, and this although the contending parents may

both be before the court. * * *" (Emphasis added).

■ It is our further view that where the only basis for jurisdiction is the fact of the physical presence of the child in this state, that such physical presence relates not merely alone to the time when the custody suit was filed but also in particular relates to the time of the hearing by the court. In this connection see Black v. Adams, Tex.Civ.App., 214 S.W.2d 703, wherein it is stated in part as follows:

"* * * We think the question here raised was decided against the contentions of relator by the Supreme Court in a similar case styled and reported Wicks v. Cox [146 Tex. 489], 208 S.W.2d 876. In that case the court held that technical legal domicile of a child in the State is not essential to give a court of this State jurisdiction of a child custody case *where the child* and all parties concerned *are before the court for the hearing.* The court further held in that case that the principles underlying jurisdiction of the subject matter in such cases is the welfare of society, primarily as evidenced by the welfare of the child, and such also involves the right and duty of a state to look after the welfare of minor children *within its borders.* We cite this case and other authorities therein cited in support of our position here taken." (Emphasis added).

■ Since the children in question were legally domiciled in the State of New Hampshire at all times material hereto and also were not physically present in Texas at the time of the hearing before the trial court we hold that the trial court correctly sustained the plea to the jurisdiction under the record in this cause. See the following authorities: Campbell v. Storer, 101 Tex. 82, 104 S.W. 1047; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Peacock v. Bradshaw, 145 Tex. 68,

194 S.W.2d 551; Wicks et al. v. Cox et al., 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1; Black et al. v. Adams et al., Tex.Civ.App., 214 S.W.2d 703; Avenier v. Avenier, Tex. Civ.App., 216 S.W.2d 638, wr. ref., n. r. e.; Worden v. Worden, 148 Tex. 356, 224 S.W. 2d 187; Ex Parte Birmingham, 150 Tex. 595, 244 S.W.2d 977.

The judgment of the trial court is affirmed.