Ronnie **FLETCHER**, Appellant,

v.

Carolyn **FLETCHER**, Appellee.

No. 249.

Court of Civil Appeals of Texas.

Corpus Christi.

June 23, 1966.

Carter, Stiernberg, Skaggs & Koppel, by Claude Carter, Harlingen, for appellant.

Orrin W. Johnson, Harlingen, having withdrawn as attorney for appellee, filed an amicus curiae brief in this cause, but made no personal appearance.

## OPINION

GREEN, Chief Justice.

Appellant Ronnie Fletcher and appellee Carolyn Fletcher, hereafter called Ronnie and Carolyn, were formerly husband and wife, and were residents of Little Rock, Arkansas. Three children, now approximately 9, 7, and two years of age, were born to this couple. The parties separated in January, 1966, and Ronnie took the two older children to Texas. The evidence is without any material conflict that he had the intention at the time of permanently leaving his home in Arkansas, and of establishing his domicile, and that of the two children, in Willacy County, Texas, and that he did establish such domicile. While Ronnie and the two children were in Texas, residing in Willacy County, Carolyn secured a divorce in the courts of Arkansas, the decree granting her custody of the three children, including the two then domi-

ciled with Ronnie in Texas. No personal service was had on Ronnie, the citation on him being by publication, and Ronnie was represented in the divorce proceedings only by a court appointed attorney-ad-litem. Neither Ronnie nor either of the two children were present in court during the trial.

After securing the judgment for divorce and custody of the children, Carolyn filed application for the writ of habeas corpus in the district court of Willacy County alleging that the two children were being illegally confined and restrained of their liberty in said county by Ronnie, and praying that they be discharged from such restraint and returned to Carolyn's custody. A certified copy of the Arkansas decree was attached to said application. A supplemental petition seeking temporary restraining order, and temporary and permanent injunction, prohibiting Ronnie from removing the children from the jurisdiction of the court, and from committing any act of violence was filed. A temporary restraining order was granted without notice, and after hearing a temporary injunction was also granted.

Ronnie filed his answer to the application, and on April 18, 1966, a trial was had before the court without a jury. Both parties announced ready, and evidence was introduced by plaintiff and defendant on the issue of custody. In addition to other testimony, Carolyn introduced and relied on the Arkansas decree. At the close of the evidence, on April 18th, the court rendered judgment for Carolyn, basing his decision entirely on the Arkansas decree. The court held that the provisions of such decree as to custody were entitled to full faith and credit, and his order was made in accordance with said Arkansas judgment.

■ In so deciding, we feel that the trial court erred. As stated in Henthorn v. Tyler, Tex.Civ.App., 266 S.W.2d 484, 486:

"Without reviewing all the authorities, since such authorities have been adequately discussed in some of the decisions herein cited, it is apparent that the rulings of the Supreme Court, and such Courts of Civil Appeals as have ruled on facts similar to those here in issue, have not upheld the validity of a judgment for child custody where the domicile and actual residence of the child and of the parent holding his custody was outside the state where judgment of custody was rendered, such persons were not personally present before the court and the parent was not duly in court either by personal service or appearance. Wicks v. Cox, supra; [146 Tex. 489, 208 S.W.2d 876]; Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187; Avenier v. Avenier, Tex.Civ.App., 216 S.W.2d 638; Campbell v. Stover, 101 Tex. 82, 104 S.W. 1046; Peacock v. Bradshaw, supra [145 Tex. 68, 194 S.W.2d 551]; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293."

See, also, Best v. Best, Tex.Civ.App., 331 S.W.2d 364.

Since Ronnie and the two children were domiciled in Texas at the time of the filing of the suit, trial, and rendition of the judgment, and were not personally present during the proceedings, or represented therein by counsel of their own employment, the Arkansas judgment in so far as it granted custody of such two children, based on citation by publication, was void, and could not validly support the decree of the district court in Willacy County in this case. Appellant's 1st point is sustained.

After the trial court had announced its decision, Ronnie filed a cross-petition seeking an order granting to him custody and control of the two children, and asking that Carolyn be enjoined from removing said children from the jurisdiction of the suit pending final judgment, and demanding a jury trial. Ronnie seeks now to have this court remand this cause for a complete new trial.

■ This cause, although initiated by application for writ of habeas corpus, was

a civil suit involving custody, with Carolyn and Ronnie as adverse parties, and the powers of the court to adjudicate custody were automatically invoked. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. When the case was called for trial, both parties announced ready, and no jury was requested. Ronnie's answer expressly denied that he was not a fit person to have custody of the two children, and contained allegations to show that custody should not be awarded to Carolyn. The pleadings filed by Ronnie after pronouncement of judgment raised no new issues as to custody which were not already before the court. Knollhoff v. Norris, supra; Burson v. Montgomery, Tex.Civ.App., 386 S.W.2d 817. A full trial on the custody issues was had. The error of the trial court here assigned was not with reference to the conduct of the trial, but was in basing his decision of custody upon a void provision of the Arkansas decree.

■ There is no good reason for this court to order a new trial, since the issues have been fully tried and would on remand still be before the trial court for his decision. We can not render decision for either party, since we are not judges of the credibility of the witnesses and the weight to be given their testimony. That is for the trier of facts, who is the trial court in this instance.

■ The effect of our order setting aside the judgment of the trial court is to restore the case to the status of one which has been tried on its merits and in which no order has been entered. In such situation, the trial court, on remand, is authorized to enter such judgment as it finds proper under the law and the facts. Brown v. Aetna Casualty & Surety Co., 135 Tex. 583, 145 S.W.2d 171, 174, opinion adopted by the Supreme Court.

We direct that the judgment of the trial court be reversed, and the cause be remanded to the trial court with instructions that it is authorized to render judgment upon the merits of the case, after reasonable notice to all parties. No consideration is to be given the void custody provisions of the Arkansas judgment. Wo do not suggest the character of judgment to be rendered; that is a question within the province of the trial court to decide. We merely direct that it proceed without another trial to render final judgment in the case. It is within the sound discretion of the trial court to determine whether the trial should be re-opened, on motion of either party, for the introduction of additional testimony. The judgment will, of course, be subject to being set aside upon motion for new trial and to review as any other final judgment.

Reversed and remanded with instructions.

SHARPE, Justice (concurring in part and dissenting in part).

I concur in reversal of the judgment but believe that the cause should be remanded for a completely new trial. On the present record we cannot modify and affirm nor can we here render judgment. In my view, a remand with instructions is not the proper disposition of this case.

It is apparent that the case was tried and decided on the wrong theory, and that the evidence was not completely developed. The Arkansas judgment which provided the sole basis for the judgment below was void as to its custody provisions. But appellee's case was squarely based upon it. Since there was no valid order of custody, appellant's custody of his children was legal. Illegal restraint was not shown. At the hearing on April 18, 1966 the trial judge made it clear that evidence concerning matters other than the Arkansas judgment would not be considered by him if he agreed with appellee's theory. Much of the tendered evidence was not admitted, but appears in the record on bill of exception. It is difficult to determine in some instances whether evidence was admitted or was permitted only for bill of exception. The trial court's refusal to entertain appellant's cross-petition for custody was solely based

upon the erroneous conclusion of law that the custody provisions of the Arkansas judgment were valid. It is apparent to me that the trial judge did not intend to preclude further hearing if that conclusion proved to be wrong.

The hearing in question was on the short notice of five days. Appellant was not a volunteer. He appeared and defended under compulsion of court orders. The record does not show that a regular citation was issued for a final hearing wherein permanent custody would be adjudicated. Appellee was not entitled to the relief sought and granted to her either when the court pronounced its decision nor when the judgment was entered. At the latter time, appellee's cross-petition had been duly filed, citation had been served on appellee, and a jury properly demanded.

Appellant's cross-petition properly invoked the jurisdiction of the trial court under Article 4639c, Vernon's Ann.Civ.St. which provides for a situation in which a foreign divorce decree is silent as to custody of children. Here, the Arkansas judgment was legally silent as to that matter because its provisions concerning custody were void. Art. 4639c provides for issuance of a regular citation as in other cases upon the filing of suit thereunder. Appellee was duly served with a regular citation on appellant's cross-petition, but appellant was not served with such a regular citation on appellee's original petition. Under these conditions I would hold that upon reversal of the judgment below, appellant would be entitled to a jury trial on his cross-petition under Articles 4639c enacted in 1959, and under 4639a, as amended in 1961. When the case reaches the trial court for further consideration, in my view, the issues of custody should not be restricted to facts developed at the hearing held on April 18, 1966. There is evidence in the present record which shows that conditions have substantially changed since the judgment was entered on April 22, 1966. Counsel for appellee has withdrawn from the case, but has tendered an amicus curiae brief and has

also stated that appellee has disobeyed the order of the trial court in taking the children back to Arkansas. Appellee did not appear in the trial court on May 20, 1966, when her application for permanent injunction was set for hearing, and the same was denied. Under these conditions there are matters of fact to be ascertained and the matter to be decreed is uncertain under Rule 434, Texas Rules of Civil Procedure, providing for remand for new trial in such instances. The said provisions of that rule have been held to mean the same as "if it shall appear that the justice of the case demands another trial" under Rule 505, T.R.C.P. London Terrace v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944). I would hold that we have a duty to remand for a completely new trial in this case, and, in any event, that we have discretion to do so; and that this is a proper case for that action.

I do not believe that Brown v. Aetna Casualty & Surety Co., 135 Tex. 583, 145 S.W.2d 171 (1940), controls the disposition of the instant case. There the trial court incorrectly held that it did not have jurisdiction under the Workmen's Compensation Act, believing that exclusive jurisdiction was in a federal admiralty court. Under stipulation of the parties the question of jurisdiction was reserved for decision and the case was completely tried to a jury with findings favorable to plaintiff. After verdict, the trial court dismissed for want of jurisdiction, and the Court of Civil Appeals affirmed. The Supreme Court reversed the jurisdictional holding of the lower courts and remanded to the trial court for action on pending motions and for entry of judgment. In *Brown*, the case had been fully tried on the merits but judgment had not been rendered thereon because of the trial court's incorrect view that it had no jurisdiction. In the instant case the trial court has rendered a final judgment on the merits concerning custody of the children. We are in agreement that such judgment was erroneous and must be reversed. At the time of its entry appel-

lant's cross-petition was properly pending, as it is now. Under these circumstances, in my view, we cannot properly cut off appellant from a hearing on his cross-petition, and, in any event, we should not do so in the exercise of discretion.

Reasonable notice and an opportunity to be heard constitute the essence of due process of law. In my view, if the parties are not accorded a completely new trial on remand of this case, serious due process questions will be raised under Article 1, Section 19, Constitution of Texas, Vernon's Ann.St., and under the Fourteenth Amendment to the Constitution of the United States. See Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ.App., 1951, n. w. h., opinion per Pope, J.).

I concur in reversal of the judgment but respectfully dissent to a remand with instructions which would award anything less than a completely new trial.