Joyce M. CAIN, Appellant,

v.

Joseph E. CAIN, Appellee.

No. 11742.

Court of Civil Appeals of Texas, Austin.

March 4, 1970.

Rehearing Denied March 25, 1970.

J. W. Thomas, Jr., Temple, for appellant.

Jack W. Prescott, Temple, for appellee.

O'QUINN, Justice.

This is a child custody case.

Joyce M. Cain and Joseph E. Cain were divorced in the State of Arizona in December, 1967, and the court awarded custody of their minor child, Tamera Sue Cain, to Joseph E. Cain.

Joyce M. Cain, domiciled subsequently in McLennan County, Texas, filed suit in Bell County, Texas, on May 17, 1968, seeking modification of the Arizona judgment to award custody of the child to her and for child support in the sum of $200 per month. Joseph E. Cain, domiciled in the State of Louisiana, was served in the parish of his residence on May 24, 1968.

Joseph E. Cain entered a special appearance by plea to the jurisdiction on the grounds (1) that both he and the minor child were legal residents of the State of Louisiana and (2) that the service on him did not confer jurisdiction on the district court in Bell County because the suit was a personal action and not an action in rem.

The trial court sustained the plea to the jurisdiction and dismissed the cause.

■ Joyce M. Cain has appealed and brings the point that the trial court had jurisdiction of the case because the minor child was present in Bell County for a "substantial period including time of institution of suit and service of citation * * * [although] absent from state of forum at time of hearing."

We affirm the judgment of the trial court.

There was testimony not contradicted that Joseph E. Cain and Tamera Sue visited his uncle and aunt in Bell County in January, 1968, for a short time prior to his return to Arizona to obtain a "hardship discharge" from the United States Air Force. At the request of his aunt, Cain left his daughter with the uncle and aunt until he could obtain his discharge. Cain was discharged in March, 1968, and made arrangements to leave Tamera Sue with his relatives until he got settled in Louisiana. Between March and May the father visited his daughter five times, usually on weekends when he stayed two or three days, and in May Cain took Tamera Sue to Louisiana. The aunt testified that the arrangement under which Tamera Sue stayed with her was temporary and that she could not have kept Tamera Sue beyond May, because she had four children of her own, three of whom were in school, and school would be out around the last of May.

It is undisputed that the arrangement by which Tamera Sue remained in Bell County was never intended by Cain or his aunt and uncle to be more than temporary, and at the time of the hearing in September, 1969, the child was living in Louisiana with her father, where she had been living approximately sixteen months.

Joseph E. Cain as the father and legal custodian of his minor daughter established the domicile of both of them in Louisiana. The temporary arrangement he had with his kinfolk to care for Tamera Sue, a service the aunt testified Cain paid for, was not intended to and did not place the child's domicile in Bell County. At the time of the hearing the only party before the court was Joyce M. Cain. Neither Joseph E. Cain nor his daughter was present in this State.

■ In a habeas corpus proceeding in a child custody case the Supreme Court in 1952 said, " * * * the two basic alternative prerequisites for custody jurisdiction are (a) domicile of the child in the state and (b) its presence in the state." Ex parte Birmingham, 150 Tex. 595, 244 S.W. 2d 977 (1952). There the Supreme Court observed, "Except where the child is domiciled or physically present within the state, we have yet to hold our courts to be vested with custody jurisdiction * * *." 244 S. W.2d 980, col. 1.

Since Tamera Sue was domiciled in the State of Louisiana, the only basis for jurisdiction over her by our courts would be the fact of physical presence in Texas, and that presence related not only to the time of filing the custody suit but particularly related to the time of hearing by the court. Tamera Sue being domiciled in Louisiana and not being physically present in Texas at the time of the hearing, the trial court

correctly sustained the plea to the jurisdiction. DeLaughter v. DeLaughter, 370 S. W.2d 207 (Tex.Civ.App., Texarkana, 1963, writ ref. n.r.e.).

Judgment of the trial court is affirmed.